**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ASPHALTOS TRADE, S.A.,**<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>**BITUVEN PUERTO RICO, LLC,**<br><br>    Defendant/Counter-Plaintiff.<br><br>**BITUVEN PUERTO RICO, LLC,**<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>**PUERTO RICO ASPHALT, LLC; JORGE ARTURO DIAZ MAYORAL,**<br><br>    Third-Party Defendants. | Civil No. 18-1876 (BJM) |

**ORDER**

Third-party plaintiff Bituven Puerto Rico, LLC ("Bituven") filed a third-party complaint against Puerto Rico Asphalt, LLC ("PRA") and Jorge Arturo Diaz Mayoral ("Diaz") (collectively "third-party defendants"), alleging civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 and 18 U.S.C. § 1964, and of Puerto Rico law. Docket No. ("Dkt.") 12. Bituven's claims are based on allegations that third-party defendants stole liquid asphalt. Both PRA and Diaz moved to dismiss on several grounds, Dkts. 34, 46, and the court denied their motions, Dkt. 57. They now seek reconsideration. Dkt. 66, 67. Bituven opposed. Dkt. 73. This case is before me by consent of the parties. Dkt. 86. For the following reasons, the motions to reconsider are **DENIED**.

Asphaltos Trade, S.A., v. Bituven Puerto Rico, LLC, Civil No. 18-1876 (BJM)                                2

Third party defendants ask that I reconsider the order denying their motions to dismiss for the following reasons: (1) the action is barred because a bankruptcy court issued a decision that acts as an adjudication on the merits, (2) the complaint fails to adequately plead predicate criminal acts for purposes of its RICO claim, (3) the court lacks subject matter jurisdiction over the action, (4) Bituven failed to join indispensable parties, and (5) bankruptcy proceedings involving those indispensable parties bar the suit.[1]

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly. . . . To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (internal citations and quotations omitted). Merely regurgitating past arguments is not sufficient to merit reconsideration. *See United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) ("Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'") (internal quotation marks omitted); *Palmer*, 465 F.3d at 30 (denying motion for reconsideration where "plaintiff's motion for reconsideration did no more than reiterate the arguments she earlier had advanced"). Moreover, "[t]he movant must demonstrate more than merely an error in reasoning." *United States ex rel. Williams v. City of Brockton*, No. 12-CV-12193, 2016 WL 7428187, at *1 (D. Mass. Dec. 23, 2016); *see Estate of Rivera v. Doctor Susoni Hosp., Inc.*, 323 F. Supp. 2d 262, 265 (D.P.R. 2004) ("[A motion for reconsideration] will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked and that might reasonably be expected to alter the conclusion reached by court.") (internal quotation marks and citation omitted).

---

[1] This case's background was set forth in the court's April 2020 order denying third-party defendants' motion to dismiss, and familiarity with that background is assumed. Dkt. 57 at 2.

First, I address Diaz's contention that Bituven's claims are barred in light of a bankruptcy court's dismissal of another action. In previously denying Diaz's motion to dismiss, this court found that the bankruptcy court's dismissal was based on lack of jurisdiction and thus did not bar Bituven's present suit. Dkt. 57 at 4-5. Diaz maintains that the court erred in concluding that the dismissal was based on lack of jurisdiction, again contending that the bankruptcy court had adopted all of defendants' arguments, one of which must operate as an adjudication on the merits pursuant to Federal Rule of Civil Procedure 41(b). That rule provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—*except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19*—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) (emphasis added).

The bankruptcy court's order dismissing the prior action provides as follows:

> Upon plaintiff's failure to oppose the defendant's motion to dismiss, as supplemented, and the court agreeing with the allegations in the same, it is now hereby Ordered that the instant adversary proceeding be and it is hereby dismissed.

Dkt. 48-5. Defendants in the bankruptcy proceedings had argued for dismissal based on insufficient service of process, lack of personal jurisdiction, lack of jurisdiction given a mandatory arbitration provision, and failure to join indispensable parties. Dkt. 48-1 at 5, 7-17; Dkt. 48-2 at 3-8; Dkt. 48-3. Assuming the bankruptcy court agreed with each of these arguments, not one of them operates as an adjudication on the merits under Rule 41(b). There is no manifest error in the court's conclusion that the bankruptcy court's dismissal does nothing to bar Bituven's third-party claims.

Next, Both PRA and Diaz argue that Bituven failed to plead a predicate act for purposes of its RICO claims because its allegations regarding interstate or foreign commerce fall short.

Asphaltos Trade, S.A., v. Bituven Puerto Rico, LLC, Civil No. 18-1876 (BJM)       4

Under 18 U.S.C. § 1962(c), it is unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." It is also unlawful for "any person to conspire to violate" this provision. 18 U.S.C. § 1962(d). A civil action exists for "threefold the damages" sustained to a plaintiff's "business or property by reason of a violation" of these provisions. 18 U.S.C. § 1964(c).

Liability under section 1962(c) breaks down into four essential elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). "A pattern of racketeering activity requires at least two predicate acts of racketeering within ten years of each other." *United States v. Rodriguez-Torres*, 939 F.3d 16, 29 (1st Cir. 2019). "Racketeering activity" includes any act constituting a felony under 18 U.S.C. § 269. 18 U.S.C. § 1961(1). Section 269, in turn, imposes criminal liability on anyone who steals from, inter alia, a warehouse, tank, or storage facility, with the intent to convert to his own use goods or chattels in interstate or foreign commerce.[2] An essential element of a section 659 offense is that the stolen goods "(1) be moving as an interstate shipment, 2) be part of an interstate shipment, or 3) constitute an interstate shipment." *United States v. Bizanowicz*, 745 F.2d 120, 122 (1st Cir. 1984).

---

[2] "Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any pipeline system, railroad car, wagon, motortruck, trailer, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air cargo container, air terminal, airport, aircraft terminal or air navigation facility, or from any intermodal container, trailer, container freight station, warehouse, or freight consolidation facility, with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express, or other property . . . [s]hall be fined under this title or imprisoned not more than 10 years, or both, but if the amount or value of such money, baggage, goods, or chattels is less than $1,000, shall be fined under this title or imprisoned for not more than 3 years, or both." 18 U.S.C. § 659.

In denying third-party defendants' prior motion to dismiss on this basis, the court found that Bituven had adequately pled the commerce element of a section 269 offense because Bituven had alleged that the liquid asphalt was shipped from Italy to Puerto Rico. As the court explained, such pleading is sufficient at such an early stage in the litigation, and Bituven was not required to allege that the goods were actually moving in interstate commerce at the time of the offense. Dkt. 57 at 6 (citing *Bizanowicz*, 745 F.2d at 122). Nor must the claim fail simply because the liquid asphalt had reached storage tanks in Guayanilla, Puerto Rico. *Id.* at 6-7 (quoting *United States v. Maddox*, 394 F.2d 297, 299 (4th Cir. 1968)) ("The deposit of cargo in a warehouse may under certain circumstances constitute a coming to rest, marking the termination of an interstate or foreign shipment. At other times, however, the stop-off at the warehouse may be only a pause in the course of an uncompleted journey."). Indeed, Bituven alleged that the asphalt was loaded into the storage tanks in Guayanilla "for temporary storage." Dkt. 12 ¶ 13.

As they did in their motions to dismiss, third-party defendants maintain that the third-party complaint has not adequately pled the commerce element of an offense under section 269. But they fail to identify any manifest error of law or controlling decisions that require changing the court's prior decision. On a 12(b)(6) motion to dismiss, the court "accept[s] as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences therefrom in the pleader's favor." *Santiago v. Puerto Rico*, 655 F.3d 61, 72 (1st Cir. 2011). Bituven alleged that the asphalt was shipped from Italy to Puerto Rico and then placed in storage tanks in Guayanilla for temporary storage. Drawing all reasonable inferences in Bituven's favor, the court properly found that Bituven had plausibly alleged that the liquid asphalt was part of an interstate or foreign shipment. Third-party defendants invite the court to draw inferences in their favor rather than Bituven's to conclude that the asphalt had reached its final destination, and they ask the court to perform a fact-intensive analysis, looking to the factors identified in *Bizanowicz* to decide whether the asphalt was truly part of a foreign shipment. But, as the court explained in its prior decision, such an

approach is inappropriate at this stage of the litigation. Similarly, I will not look to the documents to which Diaz points to find that the asphalt was not part of a foreign shipment, *see* Dkt. 67 at 5-6, as these are neither "documents incorporated by reference into the complaint, matters of public record, [nor] facts susceptible to judicial notice." *Starr Surplus Lines Ins. Co. v. Mountaire Farms Inc.*, 920 F.3d 111, 114 (1st Cir. 2019) (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)) (internal quotations omitted). The arguments third-party defendants wish to raise regarding the commerce element of a section 269 offense may be raised on summary judgment or at trial. But they do not require amending the court's prior order denying third-party defendants' motion to dismiss. Additionally, because there is no reason to amend the court's decision that Bituven has stated a RICO claim where the predicate acts are violations of 18 U.S.C. § 659, there is also no reason to amend the court's decision to maintain jurisdiction over Bituven's claims under Puerto Rico law. *See* Dkt. 57 at 7.

Next, Diaz seeks leave to file a motion for summary judgment as it relates to Bituven's standing to bring a RICO claim. Dkt. 67 at 11-12. A party may attack the court's subject matter jurisdiction on any ground, including lack of constitutional standing, at any time. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016). This may be done by means of a Rule 12(b)(1) motion to dismiss, which permits a court to consider materials outside the pleadings, including "affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction." *Fernandez Molinary v. Industrias La Famosa, Inc.*, 203 F. Supp. 2d 111, 114 (D.P.R. 2002) (citing *Land v. Dollar*, 330 U.S. 731 (1947)). Where appropriate, a Rule 12(b)(1) motion is transformed into a Rule 56 motion because "jurisdictional issues cannot be separated from the merits of the case." *Gonzalez v. United States*, 284 F.3d 281, 287 (1st Cir. 2002), *as corrected* (May 8, 2002). Because standing goes to the heart of the court's ability to hear the case, Diaz may raise his argument that Bituven lacks standing at any time.

Diaz also asks this court to reconsider its conclusion that neither Betteroads nor Bettercycling is an indispensable party.[3] Dkt. 67 at 12-15. But Diaz does not explain why complete relief cannot be provided without those entities, nor does he identify any newly discovered evidence or manifest error of law that would require reconsideration. Accordingly, I will not amend the court's prior determination. *See Colon v. Blades*, 570 F. Supp. 2d 204, 209 (D.P.R. 2008) ("The movant has the burden of showing why the absent party should be joined."). Because there is no reason to amend the court's decision that neither Betteroads nor Bettercycling is indispensable, there is also no reason to reconsider the applicability of any automatic stay in bankruptcy proceedings against those entities. *See* Dkt. 67 at 14. I clarify, however, that the court's order did not decide as a final matter that a contract between Bituven and PRA exists. Rather, the third-party complaint alleged that there was a contract between Bituven and PRA, *see* Dkt. 12 ¶¶ 19-22, 108-09, and on a 12(b)(7) motion to dismiss, the court accepts as true the allegations of the complaint. *McCaskill v. Gallaudet U.*, 36 F. Supp. 3d 145, 151 (D.D.C. 2014); 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1359 (3d ed. Apr. 2020 update). Diaz remains free to contest the existence and contours of the contract during later stages of litigation.

---

[3] Pursuant to Fed. R. Civ. P. 12(b)(7), a party may move to dismiss for failure to join a party under Fed. R. Civ. P. 19 ("Rule 19"). Courts use a two-step process to determine whether a party is indispensable under Rule 19. *Picciotto v. Continental Cas. Co.*, 512 F.3d 9, 14-19 (1st Cir. 2008). First, the court asks whether a party is necessary. "Necessary parties are those 'who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" *Z & B Enterprises, Inc. v. Tastee-Freez Intern., Inc.*, 162 F.App'x 16, 19 (1st Cir. 2006) (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)).

If a party is necessary, the court then asks whether joinder is feasible. Fed. R. Civ. P. 19(b). If a party is necessary and joinder is not feasible, then the court must determine whether the party is indispensable such that "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see Picciotto*, 512 F.3d at 18-19. The court considers the following: "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or existing parties; (2) the extent to which any prejudice could be lessened or avoided"; "(3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder." Fed. R. Civ. P. 19(b)(1)-(4).

Asphaltos Trade, S.A., v. Bituven Puerto Rico, LLC, Civil No. 18-1876 (BJM)                                           8

Finally, I note Diaz's intention to raise the issue of payment for the liquid asphalt as well as the unclean hands doctrine in a motion for summary judgment. *See* Dkt. 67 at 12.

Third-party defendants' motions to reconsider neither presented newly discovered evidence nor demonstrated that the court "committed a manifest error of law." *Palmer*, 465 F.3d at 30. Accordingly, those motions are **DENIED**.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 9th day of December 2020.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge