IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ASPHALTOS TRADE, S.A.,**

    Plaintiff/Counter-Defendant,

    v.

**BITUVEN PUERTO RICO, LLC,**

    Defendant/Counter-Plaintiff.

**BITUVEN PUERTO RICO, LLC,**

    Third-Party Plaintiff,

    v.

**PUERTO RICO ASPHALT, LLC; JORGE ARTURO DIAZ MAYORAL,**

    Third-Party Defendants.

Civil No. 18-1876 (BJM)

## ORDER

Third-party plaintiff Bituven Puerto Rico, LLC ("Bituven") filed a third-party complaint against third-party defendants Puerto Rico Asphalt, LLC ("PRA") and Jorge Arturo Diaz Mayoral ("Diaz"), alleging civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and 18 U.S.C. § 1964; violations of Puerto Rico's Act Against Organized Crime, P.R. Laws Ann. tit. 25, § 971 *et seq*.); conversion; breach of contract; unjust enrichment; and indemnification. Docket. No. ("Dkt.") 12. Specifically, Bituven alleged that third-party defendants stole liquid asphalt in violation of 18 U.S.C. § 659. PRA and Diaz answered and raised various affirmative defenses. Dkts. 79, 80. Subsequently, Diaz amended his answer. Dkt. 107. Before the court is Bituven's motion to strike third-party defendants' affirmative defenses. Dkt. 92. Third-party defendants opposed. Dkts. 105, 109. This case is before me by consent of the parties.

Dkt. 86. For the following reasons, Bituven's motion is **GRANTED IN PART** and **DENIED IN PART**.

## STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure allows a court to strike from a pleading any "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "However, both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Morell v. United States*, 185 F.R.D. 116, 117 (D.P.R. 1999) (internal citations and quotation marks omitted); *see also Boreri v. Fiat S.P.A.*, 763 F.2d 17, 23 (1st Cir. 1985) ("[S]uch motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion."); *Honeywell Consumer Prods., Inc. v. Windmere Corp.*, 993 F. Supp. 22, 24 (D. Mass. 1998) ("Motions to strike defenses . . . should be granted only when it is beyond cavil that the defendants could not prevail on them.") (quotations omitted); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 434-36 (3d. ed. 2004) [hereinafter Wright & Miller] ("Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or time wasters. . ."). Generally, a motion to strike affirmative defenses will only be granted when "the allegations being challenged are so unrelated to plaintiff's claim as to be unworthy of any consideration as a defense" and their presence prejudices the moving party, *Morell*, 185 F.R.D. at 118, or the allegations confuse the issues and do not amount to a valid defense, *Waste Mgt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). This showing is required even "where the averments complained of are literally within the provisions of [Rule 12(f)]." *Gilbert v. Eli Lilly Co.*, 56 F.R.D. 116, 121 (D.P.R. 1972). A motion to strike does not "furnish an opportunity for the determination of disputed and substantial questions of law and is not granted if insufficiency of the defense is not clearly apparent or may better be determined in a hearing on the merits." *Id.*

The moving party bears the burden on a motion to strike, *Berke v. Presstek, Inc.*, 188 F.R.D. 179, 180 (D.N.H. 1998), and "[a]ny doubt as to the striking of matter in a pleading should be resolved in favor of the pleading," *Hanley v. Volpe*, 305 F.Supp. 977, 980 (E.D. Wis. 1969). The decision whether to strike all or part of a pleading rests within the sound discretion of the court. *See Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004).

## DISCUSSION

Bituven moves to strike every one of third-party defendants' affirmative defenses because they are (1) boilerplate, (2) denials, (3) that are redundant, (4) impermissibly reserve rights, (5) rehash arguments previously addressed, and/or (6) are otherwise inapplicable and legally insufficient.[1] I will address each category of defenses in turn.

**(a) Boilerplate Defenses**

Bituven maintains that the court must strike most of third-party defendants' affirmative defenses because they offer nothing more than bald, conclusory statements that fail to provide Bituven with fair notice of the defense.

The federal rule requires only that a defense be stated in "short and plain terms," Fed. R. Civ. P. 8(b), and courts demand varying degrees of specificity when it comes to pleading an affirmative defense. *Compare Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino*, 410 F.3d 41, 45 (1st Cir. 2005) (where a defendant asserted that "[t]he claims alleged in the plaintiffs' complaint are partially and/or totally barred by the applicable statute of limitations and/or jurisdictional time frames," the defendant had "adequately identified the issue," albeit in conclusory fashion) *with Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir. 1996) (finding impermissibly conclusory the statement, "[t]he defendants were, at all times relevant to the amended complaint,

---

[1] Since Bituven filed its original motion to strike, Diaz has amended his answer. *See* Dkt. 107. That amended answer reproduces verbatim the affirmative defenses raised in his original answer. *Compare* Dkt. 79 at 30-46 *with* Dkt. 107 at 28-44. Accordingly, I construe Bituven's motion as one to strike the affirmative defenses in Diaz's amended answer.

government officials immune from suit under both the doctrines of absolute and qualified immunity"). This is true, in part, because higher courts have not made clear whether the plausibility pleading requirements outlined in *Twombly* and *Iqbal* apply to affirmative defenses. *But see GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) (finding that *Twombly*'s plausibility standard applies to affirmative defenses but explaining that "the degree of rigor appropriate for testing" the relevant pleading is context-specific and "the context relevant to the standard for pleading an affirmative defense is that an affirmative defense, rather than a complaint, is at issue"). Having reviewed the conflicting decisions, I am persuaded by those courts that have declined to apply the plausibility standard to affirmative defenses.

Rule 8(a) of the Federal Rules of Civil Procedure requires a statement "showing" that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). In contrast, Rule 8(b) requires only that a defendant "state" its defenses. Fed. R. Civ. P. 8(b). "Applying different pleading standards recognizes the differences between these words; 'showing' requires some factual underpinnings to plead a plausible claim, while 'stating' contemplates that defendants can plead their defenses in a more cursory fashion." *Owen v. Am. Shipyard Co.*, LLC, 1:15-CV-413 S, 2016 WL 1465348, at *1–3 (D.R.I. Apr. 14, 2016). Further, plaintiffs generally have ample time to investigate and develop their claims prior to filing suit, whereas defendants receive only twenty-one days to identify their defenses. *Id.* Considerations of fairness thus support allowing a defendant to outline its defenses with less detail. *Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.*, 287 F.R.D. 119, 122–23 (D. Mass. 2012). Additionally, most courts decline to require defendants to meet the *Twombly*/*Iqbal* pleading standard when setting out an affirmative defense. *See* Brian Soucek & Remington B. Lamons, *Heightened Pleading Standards for Defendants: A Case Study of Court-Counting Precedent*, 70 Ala. L. Rev. 875, 891 (2019) (finding that out of 925 times courts had addressed this question, 62 percent of the time "they refused to apply heightened pleading standards to affirmative defenses"). Uniformity in federal pleading requirements is thus

better served by adopting this approach. For these reasons, I join those courts finding that *Twombly* and *Iqbal* do not apply to affirmative defenses. "An affirmative defense asserted in an answer need not be plausible to be preserved, it must merely identify the issue adequately" and provide fair notice. *Vazquez-Robles v. CommoLoco, Inc.*, 186 F. Supp. 3d 138, 149 (D.P.R. 2016).

Here, Bituven moves to strike the vast majority of third-party defendants' defenses, urging that they rely on conclusory, boilerplate language and do not specify to which cause of action they apply. Bituven is correct that the defenses it challenges include those that rely on simple, boilerplate language. *See, e.g*., Dkt. 80 at 14. ("Third-Party Plaintiff alleged damages are speculative, duplicative, excessive, improper, and/or unauthorized by law."). But a defense is not necessarily inadequate simply because it uses conclusory language. *See Mercado*, 410 F.3d at 45. And Bituven's assertion that each of the challenged defenses lacks sufficient detail to provide fair notice is overstated. For instance, Bituven challenges the following defense raised by PRA: "The Third-Party Plaintiff lacks standing to assert their claims and/or to seek some or all the requested relief, among other reasons, because it did not own the Liquid Asphalt object of the controversy." Dkt. 80 at 13. PRA's meaning here is not impossible to discern: Bituven did not own the liquid asphalt at issue in this suit, which means it could not have been injured by any loss thereof and must, therefore, lack standing. Moreover, Bituven does not attempt to explain why these defenses are "so unrelated to [its] claim[s] as to be unworthy of any consideration," *Morell*, 185 F.R.D. at 118, instead admitting that at least some of them may be applicable, Dkt. 92 at 9. And it has done little to explain why the ongoing presence of these defenses in the pleadings causes it prejudice. Although third-party defendants' affirmative defenses "are not an example of exemplary pleading," they need not "be stricken to do justice in the case." *Gibson v. JetBlue Airways Corp.*, 2019 WL 3206925, at *3 (M.D. Fla. July 16, 2019). In other words, Bituven has not met its "formidable burden" to show why striking these defenses at this stage of the litigation is necessary. *Judicial Watch*, 224 F.R.D. at 264.

Bituven's motion to strike those defenses it deems impermissibly boilerplate or conclusory is denied.

**(b) Denials**

Next, Bituven argues that many of third-party defendants' defenses should be stricken because they are denials.

Bituven is correct that PRA and Diaz both seem to misapprehend the difference between a denial and an affirmative defense. For instance, PRA states as follows: "PR Asphalt denies joining any conspiracy and/or reaching any kind of agreement with any party to violate the law and/or the Third-Party Plaintiff's rights." Dkt. 80 at 15; *see also* Dkt. 107 at 32. Although PRA labels this statement an "affirmative defense," in fact it is simply a denial of Bituven's conspiracy allegations. *See, e.g., In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). A denial or negative defense "directly challenges the substance of the plaintiff's allegations." *Hubbell v. World Kitchen, LLC*, 688 F. Supp. 2d 401, 422 (W.D. Pa. 2010). With or without that challenge, the plaintiff retains the burden to establish its prima facie case. In the above example, PRA does not need to show that *it did not* join a conspiracy unless Bituven makes an initial showing that *it did*. In contrast, "[a]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Roberge v. Hannah Marine Corp.*, No. 96–1691, 1997 WL 468330, at *3 (6th Cir. 1997). It is a defense on which the defendant generally bears the burden of proof. *See, e.g., Moore v. Kulicke & Soffa Industries, Inc.*, 318 F.3d 561, 566 (3d Cir. 2003).

Regardless, a court need not strike portions of an answer merely because a defendant mislabeled a denial as an affirmative defense. "[I]n these situations, the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." *Marrero-*

*Rolon v. Autoridad de Energia Electrica de P.R.*, CV 15-1167 (JAG), 2017 WL 3584890, at *1 (D.P.R. Jan. 3, 2017) (citation and internal quotation marks omitted). Indeed,

> [t]he federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it were correctly labeled. This is amply demonstrated by the fact that research has not revealed a single reported decision since the promulgation of the federal rules in which an erroneous designation resulted in any substantial prejudice to the pleader.

Wright & Miller § 1269.

Accordingly, Bituven's motion to strike third-party defendants' defenses because they include denials is denied.

**(c) Redundancy**

Bituven also moves to strike a series of defenses because they are "undoubtedly redundant," although it does not elaborate on this point.

Even if an affirmative defense is redundant, a court is not required to strike it. *See Lopez v. Resort Airlines*, 18 F.R.D. 37, 40 (S.D.N.Y. 1955). It is "the generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant. . . . Modern litigation is too protracted and expensive for the litigants and the court to expend time and effort pruning or polishing the pleadings." Wright & Miller, § 1382.

Bituven offers no reason to believe that the presence of the challenged defenses in third-party defendants' answers will cause any prejudice. In the absence of any such showing, Bituven's request to strike these defenses constitutes nothing more than a request to "prun[e] or polish[]" the pleadings. *Id.*; *see also Haley Paint Co. v. E.I. Du Pont De Nemours and Co.*, 279 F.R.D. 331, 337 (D. Md 2012) (exercising discretion not to strike defenses where plaintiffs "articulated no prejudice that would result from a denial of their motion"); *Leon v. Jacobson Transp. Co., Inc.*, 10 C 4939, 2010 WL 4810600, at *1 (N.D. Ill. Nov. 19, 2010) ("Often, that which a party wants stricken is harmless and can easily be ignored.").

Asphaltos Trade, S.A., v. Bituven Puerto Rico, LLC, Civil No. 18-1876 (BJM)                                    8

Bituven's motion to strike those defenses it deems redundant is therefore denied.

**(d) Reservation of Rights**

Bituven also seeks to strike third-party defendants' general reservation of rights "defenses."[2]

Reservation of rights defenses such as these are "legal nullit[ies] having no force or effect," *Gregory v. Metro. Life Ins. Co.*, 648 F. Supp. 2d 591, 602 (D. Vt. 2009), and they do "not reflect exemplary pleading practice." *Marrero-Rolon*, 2017 WL 3584890, at *3. Nonetheless, courts differ regarding their willingness to strike such defenses. *Compare Marrero-Rolon*, 2017 WL 3584890, at *3 (declining to strike reservation of rights defense where there was no prejudice to plaintiffs) *with United States v. Conagra Grocery Products Co.*, LLC, 2:11-CV-455-NT, 2012 WL 3137436, at *5 (D. Me. July 31, 2012) (striking reservation of rights defense because "defendant cannot reserve any 'right' to add in the future defenses, affirmative or otherwise, without regard to the conditions established by the [Federal Rules of Civil Procedure] and the scheduling order").

Here, as Bituven explains, third-party defendants' reservation of rights defenses inject ambiguity into the proceedings. Moreover, they are nothing more than legal nullities that tend to undermine the fair notice requirement of Rule 8 of the Federal Rules of Civil Procedure and aim to circumvent the procedures established by Rule 15, which governs amended and supplemental pleadings. *County Vanlines Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 158 (S.D.N.Y. 2002). "Should any facts arise during discovery that support

---

[2] *See* Dkt. 80 at 16 ("PR Asphalt reserves the right to raise additional defenses that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend this Answer to the Third-Party Complaint to include such defense."); Dkt. 107 at 28-29 ("Diaz Mayoral expressly reserves the right to modify, clarify, amend, supplement the following affirmative defenses or add further affirmative defenses as may be revealed via the discovery process and, without assuming the burden of proof when the burden rests on Plaintiffs, asserts the following separate and independent affirmative defenses in further opposition to Bituven's Third-party Complaint and hereby reserves the right to amend this Answer to said Third-Party Complaint to include such a defense.").

Asphaltos Trade, S.A., v. Bituven Puerto Rico, LLC, Civil No. 18-1876 (BJM)                                      9

any additional defenses, the proper avenue by which defendant can and should proceed is detailed in Fed. R. Civ. P. 15(a)." *Id.*

For these reasons, PRA's Defense No. 28 and Diaz's Defense No. 1 are stricken.

**(f) Defenses previously addressed**

Bituven also moves to strike defenses that this court has already addressed, including PRA's Defenses Nos. 1[3] and 20[4] as well as Diaz's Defenses Nos. 3,[5] 30,[6] and 31-60.[7]

Where a court has already considered and rejected an affirmative defense, striking that defense is proper so as to avoid confusion and eliminate defenses that are legally insufficient. *See, e.g., U.S. Commodity Futures Trading Commn. v. U.S. Bank, N.A.*, 13-CV-2041-LRR, 2014 WL 294219, at *6 (N.D. Iowa Jan. 27, 2014) (where defendant had alleged as affirmative defense that plaintiff failed to state a claim, court struck defense because it had already addressed the issue on the merits, rendering the defense insufficient as a matter of law, redundant, and impertinent); *E.E.O.C. v. v. Spoa, LLC*, CIV. CCB-13-1615, 2014 WL 47337, at *4 (D. Md. Jan. 3, 2014) (striking defense of laches where the court had already considered and rejected that argument when it denied defendant's motion to dismiss); *Imperial Const. Mgt. Corp. v. Laborers' Intern. Union of N.A., Loc. 96*, 818 F. Supp. 1179, 1186 (N.D. Ill. 1993) (striking res judicata and estoppel defenses where the

---

[3] Dkt. 80 at 12 ("The Third-Party Complaint, in whole or in part, fails to state a claim upon which relief may be granted.").

[4] Dkt. 80 at 15 ("The Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata, since it entails Bituven's third (3rd) suit against PR Asphalt based on the same set of facts and allegations. Specifically, Bituven filed two (2) prior adversary proceedings before the U.S. Bankruptcy Court for the District of Puerto Rico. The first was dismissed pursuant to Fed. R. Civ. P. 42(b) and operates as an adjudication on the merits. (See, BK Case Adversary Proceeding Case No. 18-00072 (ESL)) The second case dismissed voluntarily by Bituven. (See, BK Case Adversary Proceeding Case No. 18-00111 (ESL).)").

[5] Dkt. 107 at 29 ("The Third-party Complaint, as drafted, fails to state a claim in favor of Bituven and/or upon which relief can be granted against Diaz Mayoral.").

[6] Dkt. 107 at 32 ("Third-party Plaintiff Bituven has filed three complaints alleging the same claim with contradictory allegations. Bituven's claims are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.").

[7] Here, Diaz reproduces the motion to dismiss at Dkt. 34.

court had already heard defendants' arguments and ruled against them "in order not to complicate the real remaining issues in the case").

Here, both PRA and Diaz raise res judicata and/or estoppel as affirmative defenses. Dkts. 80 at 15, 107 at 32. Third-party defendants have already raised these arguments before this court, Dkt. 22 at 1-3, Dkt. 34 at 5-6, and this court has rejected the same, Dkt. 50 at 1-2, Dkt. 57 at 4-5. Accordingly, I will strike these defenses to avoid confusing already complex litigation, though they are preserved for appeal.

Similarly, PRA and Diaz both list failure to state a claim upon which relief can be granted among their affirmative defenses. Dkts. 80 at 12, 107 at 29. But third-party defendants have already moved to dismiss for failure to state a claim, Dkt. 34, Dkt. 46, and this court has already denied those motions, Dkt. 57. These defenses are thus legally insufficient and shall be stricken. *Accord U.S. Commodity Futures Trading Commn.*, 2014 WL 294219, at *6. For the same reason, I will strike Diaz's Defenses Nos. 31-60 because they simply reproduce Diaz's prior motion to dismiss for failure to state a claim, which this court has already denied. These shall be stricken without prejudice, as the factual allegations therein are numerous. Should Diaz believe he raised an affirmative defense in the stricken paragraphs on which this court has not previously ruled, he may seek leave to amend his answer.

PRA's Defenses Nos. 1 and 20 as well as Diaz's Defenses Nos. 3 and 30-60 are stricken.

### (g) Inapplicable or Legally Insufficient Defenses

Bituven also challenges several affirmative defenses which, in one way or another, it deems legally insufficient. *See* Dkt. 92 at 17-21. I will address each challenged defense in turn.

First, Bituven moves to strike third-party defendants' affirmative defenses of contributory negligence and assumption of the risk, contending that neither absolves PRA and Diaz of liability for civil RICO violations, violations of Puerto Rico's Act Against

Organized Crime, conversion, breach of contract, unjust enrichment, or indemnification. Both contributory negligence and assumption of the risk are affirmative defenses in negligence actions. *Baum-Holland v. El Conquistador Partn., L.P., S.E.*, 336 F. Supp. 3d 6, 23 (D.P.R. 2018), *aff'd sub nom. Baum-Holland v. Hilton El Con Mgt., LLC*, 964 F.3d 77 (1st Cir. 2020). Although it is true that, as Bituven points out, this is not a slip-and-fall-case, I cannot say that the law of negligence has no possible bearing on Bituven's claims. Indeed, in setting forth its cause of action for indemnification, Bituven writes as follows:

> 119. Bituven has not breached any contract with Asphaltos or engaged in tortious conduct with regard to the Liquid Asphalt.
>
> 120. If Asphaltos has any interest in the Liquid Asphalt, and if Asphaltos has been damaged because it has not been compensated for the Liquid Asphalt, then PRA and Jorge Jr.'s conversion of the Liquid Asphalt is the sole and immediate cause of Asphaltos's damages, and Bituven is entitled to indemnification from PRA and Jorge Jr. for any damages, costs, and attorney's fees awarded to Asphaltos and against Bituven.

Dkt. 12 at 19. Whether or not Bituven engaged in tortious conduct is thus at issue in this case, as is the question of causation with respect to any damages incurred by plaintiff Asphaltos Trade, S.A. Although it is not obvious that third-party defendants can negate their liability on a theory of comparative negligence or assumption of the risk, neither are these defenses "so unrelated to [Bituven's] claim as to be unworthy of any consideration." *Morell*, 185 F.R.D. at 118; *see also City of New York v. Fedex Ground Package System, Inc.*, 314 F.R.D. 348, 359–60 (S.D.N.Y. 2016) (declining to strike defense of contributory or comparative negligence where the court doubted its potential applicability in the civil RICO context but parties had not provided relevant controlling authority). They will not be stricken.

Next, Bituven moves to strike third-party defendants' loss causation defenses.[8]

---

[8] Dkt. 80 at 15 ("The Third-Party Plaintiffs have failed to plead loss causation."); Dkt. 107 at 31 ("Bituven's Third-Party Complaint fails to plead the elements required under Puerto Rico tort law of a causal relationship or loss causation between Diaz Mayoral's alleged conduct and the

> Loss causation is among the six elements of a private cause of action for securities fraud; the other five are: a material misrepresentation or omission, scienter, a connection with the purchase or sale of a security, reliance, and economic loss. To prove loss causation, a plaintiff must show a sufficient connection between [the fraudulent conduct] and the losses suffered.... In other words, the stock market must have reacted to the subsequent disclosure of the misconduct and not to a tangle of [other] factors.

*Bricklayers and Trowel Trades Intern. Pension Fund v. Credit Suisse Securities (USA) LLC*, 752 F.3d 82, 86 (1st Cir. 2014) (internal quotations and citations omitted). Bituven has not brought claims involving securities fraud, and third-party defendants have pointed to no case where "loss causation" was involved in claims for civil RICO violations, violations of Puerto Rico's Act Against Organized Crime, conversion, breach of contract, unjust enrichment, or indemnification. Rather, they explain that, in raising the concept of "loss causation," they mean to raise the question of "proximate cause." If this is the case, they may do so by amending their affirmative defenses and explaining how questions of causation or proximate cause negate or limit their liability. Injecting a term-of-art from an area of law not at issue in the present litigation needlessly complicates the issues. *See Buckler v. Israel*, 2014 WL 2957244, *2 (S.D. Fla. 2014) (plaintiff's use of "intentional infliction of emotional distress' stricken because phrase is term-of-art for cause of action not pled by plaintiff). PRA's Defense No. 21 and Diaz's Defense No. 21 are stricken.

Bituven also moves to strike Diaz's defenses related to infringement,[9] tortious interference,[10] and special damages.[11] As Bituven explains, this is not an infringement case, and Bituven is neither asserting a tortious interference claim nor seeking special

---

damages alleged by Bituven in the Third-party Complaint and such facts are not present in this case.").

[9] Dkt. 107 at 31 ("Bituven's acts of infringement are conducted willfully and in conscious disregard for third parties' rights.").

[10] Dkt. 107 at 31 ("Bituven's Third-Party Complaint fails to plead the essential elements of a tortious interference claim under Puerto Rico law and such facts are not present in this case.").

[11] Dkt. 107 at 31 ("Bituven's Third-Party Complaint fails to plead the essential elements of a special damages claim under Puerto Rico law and such facts are not present in this case, therefore, special damages are not recoverable.").

Asphaltos Trade, S.A., v. Bituven Puerto Rico, LLC, Civil No. 18-1876 (BJM)                           13

damages. I can think of no reason Diaz included these defenses, and he has offered no explanation for their presence. Their inclusion simply confuses the issues by suggesting that Bituven asserts claims it has expressly denied asserting. Accordingly, Diaz's Defenses Nos. 18, 20, and 23 are stricken.

Next, Bituven moves to strike the following defense raised by Diaz: "Bituven seeks to unjustly enrich itself in prejudice to Diaz Mayoral." Dkt. 107 at 31. Bituven explains that unjust enrichment is a cause of action and not an affirmative defense. Diaz has not addressed this question. Typically, unjust enrichment is a cause of action. *See Govt. of Puerto Rico v. Carpenter Co.*, 442 F. Supp. 3d 464, 476 (D.P.R. 2020). Even assuming Bituven is correct that unjust enrichment can never serve as an affirmative defense, however, that would not merit striking the relevant language, as the proper remedy would be to treat the defense as a counterclaim. *See* Fed. R. Civ. P. 8(c)(2). Bituven's motion to strike Diaz's Defense No. 24 is denied.

Bituven also moves to strike the following defense offered by Diaz: "PR Asphalt paid Bituven $1,360,852.54 in excess of the amounts owed for Liquid Asphalt, thus it is entitled to a credit and Diaz Mayoral did not violate any law nor contractual rights." Dkt. 107 at 32. But as Bituven points out, "the balance of [this] [d]efense . . . is a mere denial." Dkt. 92 at 19. Accordingly, I will treat it as a denial rather than strike it.

Next, Both PRA and Diaz raise as an affirmative defense Bituven's failure to allege sufficient facts to support a claim for attorneys' fees.[12] As other courts have explained, this is not a proper affirmative defense because "[t]he award of attorney's fees does not act to preclude a defendant's liability even if a plaintiff proves all of the required elements of the cause of action." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); *see also Rodriguez Rios v. Puerto Rico Ports Auth.*,

---

[12] Dkt. 80 at 15 ("The Third-Party Complaint fails to allege sufficient facts to support a claim for attorneys' fees."); Dkt. 107 at 31 ("Bituven's Third-Party Complaint fails to plead the essential elements to support a claim of attorneys' fees.").

CIV. 04-1506 (JA), 2005 WL 1669565, at *3 (D.P.R. July 18, 2005) (striking the statement, "Plaintiffs have no right to recover the attorney's fees claimed," because it was "not an affirmative defense since it does not defeat plaintiff's claim if accepted as true, and is not an avoidance"). This is true because attorneys' fees are generally collateral to the merits of a cause of action and awarded after judgment pursuant to Federal Rule of Civil Procedure 54(d)(2). *Barnes,* 718 F. Supp. 2d at 1174. However, Bituven has not explained what prejudice the presence of these defenses in the pleadings cause, and they are best understood as negative defenses, which can simply be treated as such. Accordingly, Bituven's motion to strike PRA's Defense No. 27 and Diaz's Defense No. 22 is denied.

Finally, Bituven seeks to strike as legally insufficient the following defense offered by Diaz:

> Bituven has filed a frivolous Third-party Complaint against Diaz Mayoral and/or engaged in temerity and/or vexatious litigation. As a result, Diaz Mayoral is entitled to an award of costs and a reasonable amount of attorney's fees incurred in defending himself against Bituven's Third-party Complaint.

Dkt. 107 at 29. Diaz contends that this defense is proper, supported by caselaw, and that its presence does not prejudice Bituven. To the contrary, Diaz's Defense No. 2 is not an affirmative defense because, if Bituven proves all elements of its claims, this "defense" would not negate Diaz's liability. *See Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 465 (D. Md. 2014). Moreover, it creates some confusion, as it is not clear whether Diaz aims to raise this issue under Rule 11 of the Federal Rules of Civil Procedure or under the court's inherent powers. *See* Fed. R. Civ. P. 11; *Alyeska Pipeline Serv. Co. v. Wilderness Socy.*, 421 U.S. 240, 258–59 (1975). To the extent Diaz wishes to raise this issue under Rule 11, he must do so by separate motion. *Krisa v. Eq. Life Assur. Soc.*, 113 F. Supp. 2d 694, 708 (M.D. Pa. 2000); *see also* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Because it creates confusion and is not an affirmative defense,

Asphaltos Trade, S.A., v. Bituven Puerto Rico, LLC, Civil No. 18-1876 (BJM)                                        15

Diaz's Defense No. 2 is stricken, although he may raise the issue of frivolity, temerity, and/or vexatious litigation by other procedurally appropriate means.

## CONCLUSION

For the foregoing reasons, Bituven's motion to strike is **GRANTED IN PART**. PRA's Defenses Nos. 1, 20-21, 28 and Diaz's Defenses Nos. 1-3, 18, 20-21, 23, and 30-60 are stricken.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of March 2021.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge